RECEIVED

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

NOV 0 6 2025

TIME: 12:01 p.

CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

In re: Christopher William Chamberlin

Debtor(s).

Christopher William Chamberlin,

Plaintiff,

v.

US Department of Education

Defendant,

BKY: 25-40870

Adv No.:

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Plaintiff Christopher William Chamberlin files this complaint based on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters as follows:

### PARTIES

**A. Plaintiff**

Christopher William Chamberlin is a citizen of the State of Minnesota, residing in the District of Minnesota.

**B. Defendant**

Defendant Unites Stated Department of Education

("Defendant") is an agency within the meaning of 5 U.S.C. §701(b)(1), with its headquarters located and maintained at 400 Maryland Ave SW, Washington, D.C. 2020 and is believed to be the current holder of Debtor's student loan debt referred to in this complaint.

## JURISDICTION AND VENUE

1. This adversary proceeding is brought under Case Number 25-40870.
   BKY: 25-40870
2. This Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.
3. This Adversary Proceeding is brought pursuant to 11 U.S.C. § 523(a)(8), 15 U.S.C. §1601, 15 U.S.C. § 1692 and Federal Rule of Bankruptcy Procedure Rule 7001.
4. Venue is proper in the district of Minnesota pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.
5. The Plaintiff hereby consents to entry of a final order judgment by the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 7008(a).

## FACTUAL AND PROCEDURAL BACKGROUND

6. The Debtor attended The Los Angeles Film School and Full Sail University
7. He borrowed the money in question for this education.
8. The Debtor currently receives $967 per month in SSI Disability income.
9. The loans from Defendant are loans made, insured, or guaranteed by a governmental unit and/or qualified educational loans as defined in section 221(d)(2) of the Internal Revenue Code. As such they are excepted from discharge unless their exception would "impose an undue hardship on the debtor and the debtor's dependents."
10. The Debtor is under forbearance.
11. The Debtor supports a household of 5.
12. The Debtor is 51 years old.

## THE BANKRUPTCY FILING

13. Due to exigent financial circumstances the debtor filed this bankruptcy on 03/24/2025
14. Under a standard 10 year repayment plan the Debtor's student loan payment would be $175.32 per month.
15. The Debtor's bankruptcy schedules showed an available income after paying basic living expenses of $0.
16. Paying $175.32 per month for 10 years for these student loans is an undue hardship because he will be unable to maintain a minimal standard of living now and his financial circumstances will likely be either the same or worse in the future.

## **CLAIM FOR RELIEF**

17. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.
18. Plaintiff is entitled to discharge of his student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on him.
19. the Debtor lacks a present ability to pay these loans because the standard repayment amount is greater than the amount remaining after subtracting the National Collection Standards from his income.
20. The Debtor lacks a future ability to pay because the Debtor can't meaningfully increase income or decrease expenses, and does not have non-essential valuable assets that could be sold to pay the student loans.
21. The Debtor has made good faith efforts to engage with the servicers and/or pay on the student loans in question.
22. Plaintiff meets the standard for undue hardship as articulated in the Brunner and Totality of the Circumstances tests, as well as the assessment factors outlined in the new guidance issued by the Department of Justice in coordination with the Department of Education on November 17, 2022 regarding student loan bankruptcy litigation. Accordingly, Plaintiff prays this court discharge his student debt in part or in total.
23. The Plaintiff DOES NOT demand a jury.
24. The Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

## **PRAYER**

25. In light of the foregoing, Plaintiff requests judgment entered against the Defendant(s) as follows:
26. determination that the loans to Defendant were discharged;
27. enjoining further collection of these loans;
28. other such relief as the Court deems just and proper.

Respectfully submitted,

Christopher William Chamberlin

6650 Duck Lake RD,

Eden Prairie MN

55346

(320) 492-0102

# **<u>VERIFICATION</u>**

I, the Plaintiff in this case do swear under penalty of perjury that the following is true to the best of my knowledge, information, and belief.

Christopher William Chamberlin

Dated: 11/06/25